UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DANIEL R. DALRYMPLE, | ) | Civ. 12-4028-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING LEAVE TO |
| | ) | PROCEED IN FORMA PAUPERIS |
| ROBERT DOOLEY, Warden, Mike Durfee State Prison; JIM HALSEY, Cultural Affairs Coordinator; TRAVIS TJEERDSMA, Unit Coordinator; MAJOR TJEERDSMA, Special Security; and SCO KAUTH, | ) ) ) ) ) ) ) ) ) ) | AND DISMISSING COMPLAINT |
| | ) | |
| Defendants. | ) | |

Plaintiff, Daniel R. Dalrymple, filed a pro se civil rights lawsuit against defendants. Dalrymple is incarcerated at Mike Durfee State Prison in Springfield, South Dakota. Dalrymple moves for leave to proceed in forma pauperis in his lawsuit.

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, requires prisoners to make an initial partial filing payment where possible, even if in forma pauperis status is sought. When an inmate seeks in forma pauperis status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan. *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (internal citations

omitted). Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Dalrymple has indicated the average of the monthly deposits to his account is $105, and the average monthly balance of his account is $46.25. *See* Docket 4, Prisoner Trust Account Report. Dalrymple must make an initial partial filing fee of $21, which is 20 percent of $105. Thus, Dalrymple is granted in forma pauperis status.

But the inquiry does not end there. The PLRA also requires this court to "screen" Dalrymple's complaint to determine whether it should be dismissed. Section 1915 provides an action must be dismissed if the court determines the claim "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual

allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show

(1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

Dalrymple first claims that Unit Coordinator Travis Tjeerdsma improperly confiscated his wedding ring. According to Dalrymple, Tjeerdsma confiscated the ring, asserting that it was not on Dalrymple's property list. Dalrymple asks that his ring be returned to him and that prison records be corrected so the ring is listed on his property list. He also asks for punitive damages and a written apology. Although Dalrymple filed his complaint on the form the court provides for civil rights actions pursuant to 42 U.S.C. § 1983, he did not identify the constitutional rights he believes the defendants violated when they confiscated his wedding ring.

In *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), the United States Supreme Court held that intentional deprivations of property do not violate the due process clause when adequate state post-deprivation remedies are available. There are adequate remedies available to Dalrymple under South Dakota law. For example, Dalrymple may bring a tort action in state court to recover his ring or bring suit in small claims court for up to $12,000 in damages. *See, e.g.,* SDCL 15-39-45.1 (setting the jurisdictional amount of

4

$12,000); *Devitt v. Hayes*, 551 N.W.2d 298 (S.D. 1996) (explaining that "[t]he small claims procedure is an alternative to the formal procedure for actions begun by summons"). Thus, Dalrymple has failed to state a constitutional claim for the confiscation of his wedding ring, and his claim is dismissed pursuant to 28 U.S.C. § 1915.

Dalrymple next claims that his rights were violated when prison officials refused to add him to the "2012 Passover meal list for the Jewish Holiday Meals." Docket 1 at 5. Dalrymple alleges that Cultural Affairs Coordinator Jim Halsey told Dalrymple that he would not be added to the list because he did not attend weekly Jewish religious services. *Id.* Dalrymple asserts that he explained that he "studie[s] on [his] own because of major conflicts of interest at the service." *Id.* Dalrymple asks that he be permitted to "practice religious holidays with fair and equal treatment." He also seeks punitive damages and a written apology.

Prison officials must afford prisoners opportunities to exercise their religious freedom. *See Cruz v. Beto*, 405 U.S. 319, 322 & n.2 (1972) (per curiam). Prison regulations interfering with an inmate's free exercise of religion must be "reasonably related to legitimate penological interests." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-53 (1987). To state a cognizable claim of denial of the free exercise of religion, a prisoner must allege and prove that the action at issue unreasonably impinged on the inmate's exercise of his religion, and

that such impingement was not reasonably related to legitimate penological interests. *Id.* at 349. Dalrymple has not alleged that Cultural Affairs Coordinator Jim Halsey lacked a legitimate penological reason for refusing to add him to the Passover list. Thus, his claim is subject to dismissal pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted. *See Novak v. Mundt*, 2005 WL 1277834 at *16 (D. Minn. May 10, 2005) (holding that plaintiff who alleged prison officials refused his request to attend a Passover service failed to state a claim because he failed to allege the absence of a legitimate penological reason for the refusal, the absence of a "logical connection" of the refusal to a legitimate penological interest, or the absence of any alternative means of exercising his religion). *See also Shelton v. Halford*, 96-cv-80336, 1997 WL 33384400 (S.D. Iowa 1997) (holding that inmates' First Amendment rights were not infringed by policies requiring them to establish that they were Jews to the satisfaction of a Jewish consultant retained by the prison before they were permitted special benefits provided to Jewish inmates, such as ordering food for Passover). Dalrymple's free exercise claim, however, is dismissed without prejudice to refiling.

Dalrymple's third allegation is that a document was taken from him during a locker search. Specifically, Dalrymple states that "[o]n Wednesday, February 8, 2012, I had my locker, 215C, shaken down. A document I received in October 2011 was taken by SCO Kauth. This said document was a print-out

of my property list which had noted my ring as a part of my approved property." Docket 1 at 6. As discussed above, an inmate has no claim for intentional damage to property or loss under § 1983 where state law provides an adequate procedure. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Thus, Dalrymple has failed to state a claim upon which relief may be granted, and his claim against SCO Kauth is dismissed. Therefore, it is

ORDERED that Dalrymple's motion for leave to proceed in forma pauperis (Docket 3) is granted. **Dalrymple will make an initial partial filing fee of $21 before April 30, 2012**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that Dalrymple's claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

Dated March 28, 2012.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> CHIEF JUDGE